## IN THE UNITED STATES DISTRICT COURT
## NOTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **YEON SEO** )<br><br>      **Plaintiff,** )<br><br>**v.** )<br><br>)<br>**GREEN DRY CLEANER & LAUNDRY, INC.,** )<br>**and JU LAE CHO** )<br><br>      **Defendants.** )<br>) | **CIVIL ACTION**<br>**NO._____**<br><br><br>**) JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiff, Yeon Seo ("Plaintiff"), by and through his counsel, Brian Kim of Brian Kim, PC., files this Complaint alleging as follows:

## NATURE OF THIS ACTION

1.

This action brought under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §201 *et seq*., in which Plaintiff seeks compensatory and liquidated damages against Defendants for their failure to pay federally-mandated overtime wages during Plaintiff's employment with Defendants.

## PARTIES

2.

Yeon Seo, the named Plaintiff in this action, ("Plaintiff") is an individual who resided in the Northern District of Georgia during all relevant times.

3.

Defendant Ju Lae Cho ("Cho"), an individual, is believed to reside in the Northern District of Georgia during all relevant times.

4.

The Defendant Cho is and was at all times relevant to this action, an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d).

5.

Defendant Cho controlled Plaintiff's work schedules and conditions of employment.

6.

Defendant Cho determines the rate and method of payment for Plaintiff.

7.

Defendant Cho is subject to the requirements of the FLSA, 29 U.S.C. § 201, *et seq*.

8.

Defendant Green Dry Cleaner & Laundry, Inc. ("Green Dry Cleaner") is a corporation which maintains, and, at all times relevant hereto, maintained offices in the State of Georgia, and transacts and has transacted regular, not isolated, acts of business in DeKalb County, Georgia.

9.

Defendant GREEN DRY CLEANER can be served by delivering a copy of summons and complaint to its registered agent, Defendant Cho, at 4301 Pleasantdale Rd. Suite G, Norcross, GA 30340, as found in the Government Records at Georgia Secretary of State website.

10.

Upon information and belief, Defendant GREEN DRY CLEANER's annual gross volume of sales or business is not less than $500,000.

11.

Defendant GREEN DRY CLEANER is and was, at all times relevant to this action, an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1), 206, and 207.

12.

Defendant GREEN DRY CLEANER is subject to the requirements of the FLSA, 29 U.S.C. § 201, *et seq*.

13.

At all times relevant to this action, Defendant GREEN DRY CLEANER oversaw and had the responsibility for maintaining employment records of Plaintiff.

14.

At all times relevant to this action, Defendant Cho oversaw and had the responsibility for maintaining employment records of Plaintiff.

## **Jurisdiction**

15.

Jurisdiction over this action is conferred on this Court by section 216(b) of the FLSA, 29 U.S.C. §216(b) as well as 28 U.S.C. §1331.

## **Venue**

16.

Venue is proper in the Northern District of Georgia in that Defendant Green Dry Cleaner is a resident DeKalb County, Georgia, which is within this judicial District.

## **Facts**

17.

Plaintiff is a former employee of Defendant GREEN DRY CLEANER and Defendant Cho ("Defendants").

18.

From October 1, 2013 to September 11, 2017, Plaintiff was employed by Defendants.

19.

During relevant time hereto, Defendant Cho was Plaintiff's direct supervisor.

20.

Throughout Plaintiff 's employment with Defendants, Plaintiff was employed as a clothing inspector, and her primary duties included inspecting cloths before they leave Defendants' facility to go back to Defendants' customers.

21.

Throughout Plaintiff 's employment with Defendants, Plaintiff's primary duty did not include works requiring exercise of discretion and judgment.

22.

At all times relevant to this action, Plaintiff was non-exempt from the overtime pay requirements as afforded by the FLSA, 29 U.S.C. §§ 201 et seq.

23.

Throughout Plaintiff's employment with Defendants, Defendants paid Plaintiff a weekly wage of $675.00

24.

Throughout Plaintiff 's employment with Defendants, Plaintiff's hourly wage was $16.86. ($675.00 divided by 40).

25.

Throughout Plaintiff 's employment with Defendants, Plaintiff's overtime rate was $25.31. (The $16.86 regular rate times 1.5).

26.

Throughout Plaintiff 's employment with Defendants, Plaintiff's compensation was intended to compensate forty (40) hours of work per week.

27.

During the relevant time hereto, Plaintiff worked sixty three (63) hours per week for Defendants.

28.

Defendants failed to provide Plaintiff with one and one-half times his regular rate of pay for his work in excess of forty hours in a workweek.

**CLAIM FOR RELIEF**

**Violation of FAIR LABOR STANDARD ACT (FLSA)**

29.

Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs of its complaint as if set forth fully herein.

30.

Plaintiff was regularly compelled and scheduled to work more than forty hours per week.

31.

The Defendants were required in accordance with the FLSA to pay Plaintiff one and one-half times their regular hourly rate of pay for their overtime work.

32.

The Defendants failed to pay Plaintiff one and one-half times his regular rate of pay for each hour worked over forty (40) hours in a week. Instead, Defendants only paid Plaintiff a fixed wage regardless of the hours worked.

33.

The Defendants' unlawful acts, omissions, and practices concerning the terms, conditions, and provisions of Plaintiff's employment violate the FLSA.

34.

As a result of Defendants' unlawful acts, omissions, and practices, Plaintiff suffered a loss of wages of an amount to be determined at trial.

35.

Defendants, jointly and severally, owe the Plaintiff overtime pay for his work performed but not compensated in an amount to be determined, plus liquidated damages in an equal amount pursuant to 29 U.S.C. §216(b).

36.

Pursuant to Section 216(b) of the FLSA, Defendants owe Plaintiff jointly and severally, for reasonable attorney fees.

WHEREFORE, Plaintiff demands relief as follows:

1. Instruct the Clerk of Court to issue the Summons that are attached herein;

2. An order finding that Defendant violated sections 215(a)(2) and 216(b) of the FLSA;

3. Judgment in favor of Plaintiff against Defendants, jointly and severally, for unpaid overtime compensation together with liquidated damages;

4. Pursuant to Section 216(b) of the FLSA, judgment in favor of Plaintiff against Defendants, jointly and severally, for reasonable attorney fees;

5. Judgment in favor of Plaintiff against Defendant, jointly and severally, for all taxable and non-taxable costs;

6. Pursuant to the Seventh Amendment to the United States Constitution and Rule 38, F.R. Civ. P., TRIAL BY JURY on all claims on which a jury is available; AND

7. Such other, further and different relief as this Court deems appropriate.

This 12th day of December, 2017.

Brian Kim, PC

By: */s/ Brian G. Kim*
Brian G Kim
Georgia. Bar No. 479330

1815 Satellite Blvd. #303
Duluth, GA 30097
Telephone: 678.878.4200
Facsimile:  404.878.4208
E-Mail: brian@leonandkim.com